CANADY, J.,
dissenting.
Neither the Criminal Punishment Code (CPC) nor the requirements of due process preclude a sentencing judge from considering a criminal act that was committed by a defendant after the crime for which sentence is being imposed. Accordingly, I dissent from the majority’s decision, which imposes unwarranted limitations on the discretion of circuit courts to impose sentence up to the statutory 'maximum. ' I would approve the district court’s conclusion that Norvil’s sentence should be affirmed.
The majority concludes that the sentencing court is precluded from considering criminal acts committed by a defendant after the date of the offense for which the defendant is being sentenced because the sentencing court is limited to the consideration of facts detailed in the Presentenee Investigation Report (PSI) prepared pursuant to section 921.231, -Florida Statutes (2010). This line of reasoning- is premised on a misunderstanding of the role of PSIs under the CPC. Nothing in the CPC either expressly or implicitly limits a sentencing judge to considering facts presented in a PSI. Under the statutory provisions, the -sentencing judge has complete discretion concerning whether or not a PSI will be prepared. Section 921.231 does not require any sentencing judge to make use of a PSI. The statute unambiguously provides that the. sentencing court “may refer [a] case to the Department of Corrections for investigation and recommendation.” § 921.231(1), Fla. Stat (2010). Under the provisions of the statute,- PSIs - thus: are prepared only “[u]pon request of the court[.j” Id. It is nonsensical to conclude that the Legislature intended to limit the scope of matters considered by the sentencing court to facts presented in a PSI when the Legislature has not required the use of a PSI but has granted full discretion to the sentencing court to forgo using a PSI at all. Although Florida Rule of Criminal Procedure 3.710(a) conditions the imposition of a prison sentence on juveniles and first-time felony offenders on the consideration of a PSI by the sentencing judge, this judicial rule does not justify any conclusions about the intent of the Legislature concerning matters that a sentencing judge may properly consider.
Due process provides no more support for Norvil’s position than do the provisions of the CPC. Neither the absence of a conviction for the subsequent crime nor the temporal relationship of that crime with the offense for which sentence was imposed provide any basis for concluding that due process was violated.' The Supreme Court has long recognized that due process permits “a sentencing judge [to] exercise a wide discretion in the sources and types of evidence used to assist him in determiniiig the kind and extent of punishment to be imposed within limits fitted by law.”. Williams v. People of State of N. Y., 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The Court has “never [called *411 into] doubt[ ] the authority of -a judge to exercise- broad discretion in ’imposing a sentence -within a statutory range.”. United States v. Booker, 543 U.S. 220, 233, 125 S.Ct. 738,160 L.Ed.2d 621 (2005).
To put the due process issue in proper perspective, it should be understood that no due process violation occurs when -a sentencing court exercising its discretion to impose a sentence up to. the statutory maximum considers even acquitted crimes if the commission of those crimes is supported by a preponderance of the evidence. In United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), the Court addressed whether a sentencing court, in sentencing the defendants under the federal sentencing guidelines, could consider acquitted conduct. The Court observed that a jury’s acquittal' is not a rejection of facts but is merely “ ‘an acknowledgment that the government failed' - to prove an essential element of the offense beyond a reasonable doubt.’ ” 519 U.S. at 155, 117 S.Ct. 633 (quoting United States v. Putra, 78 F.3d 1386, 1394 (9th Cir.1996) (Wallace, C.J., dissenting)). Stating that “application of the preponderance [of the evidence] standard at sentencing generally satisfies due process[,]” Watts, 519 U.S. at 156, 117 S.Ct. 633 the Court held “that a jury’s verdict of acquittal does not prevent the sentencing court from considering conduct, underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence[,]” id. at 157, 117 S.Ct. 633.
Norvil was released on bond pending trial on the offense — armed burglary of -a dwelling — for which he received the -sentence at issue here. At.the sentencing proceeding, the State presented evidencé showing that while out on bond the defendant committed the burglary of a vehicle. There is no ground for concluding that the commission of the burglary of a vehicle offense was not established by a preponderance 'of the evidence. And it is indeed a remarkable.proposition that a defendant who' has committed an additional crime while out on bond should not have that ’subsequent crime held against him when being' sentenced for the earlier offense. Due process does not require the adoption of such a nakedly unreasonable proposition. The view is unassailable that such a crime committed by a defendant while out on bond reflects unfavorably on the defendant’s character just as much as — if not more than — crimes that were - committed previously. The character of the defendant and a concomitant assessment of the likelihood that the defendant will reoffend are unquestionably proper matters for a sentencing judge to consider when imposing sentence within the statutory maximum. ;
•I would approve the result reached by .the district court, and I would disapprove those decisions that are inconsistent with the views I have expressed in this dissent.
POLSTON, J., concurs.